IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BARBARA TRACY, | ) | CIVIL NO. 11-00487 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| USAA CASUALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**<u>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Before the Court is Defendant USAA Casualty Insurance Company's ("Defendant") Motion for Summary Judgment ("Motion"), filed on October 20, 2011. Plaintiff Barbara Tracy ("Plaintiff") filed her memorandum in opposition on January 10, 2012, and Defendant filed its reply on January 13, 2012. This matter came on for hearing on January 30, 2012. Appearing on behalf of Defendant was Ward Fujimoto, Esq., and appearing on behalf of Plaintiff was Ivan Van Leer, Esq. Plaintiff filed her Supplemental Declaration in Opposition ("Plaintiff's Supplemental Declaration") on February 6, 2012, and Defendant filed its Supplemental Reply Memorandum in Support of Its Motion for Summary Judgment [ECF No. 13] ("Supplemental Reply") on February 9, 2012. After careful consideration of the Motion, supporting and opposing documents, and the arguments of counsel, Defendant's Motion is HEREBY GRANTED because the cultivation of

marijuana, even for the State-authorized medical use, violates federal law and the enforcement of an insurance policy under the particular circumstances of this case is contrary to public policy, as set forth more fully below.

## BACKGROUND

Plaintiff filed the instant action in the Circuit Court of the Third Circuit, State of Hawai`i, on July 11, 2011. Defendant removed the action on August 10, 2011, based on diversity jurisdiction.

Plaintiff's Complaint alleges that Defendant breached the parties' insurance coverage contract by failing to pay Plaintiff's insurance claims for stolen property. Plaintiff, who owns and resides at a property in the Puna District of the State and County of Hawai`i, purchased a homeowners insurance policy from Defendant ("the Policy") on May 18, 2010. [Complaint at ¶¶ 1, 5.] On or about July 30, 2010, twelve plants were stolen from Plaintiff's property. Nine of the twelve plants were fully matured cannabis sativa, commonly known as marijuana plants. The remaining three plants were less mature plants. [Id. at ¶ 7.] Plaintiff states that she "lawfully possessed, grew, nurtured and cultivated the plants consistent with the laws of the State of Hawaii . . . permitt[ing] individuals to possess and grow

marijuana for medical purposes[.]"  [Id. at ¶ 12(b).[1]]

Plaintiff asserts that she is entitled to coverage under the Policy for the loss of these plants because the Policy includes coverage for loss to "'trees, shrubs, and other plants.'"  [Id. at ¶ 8 (quoting Policy, Replacement Cost Coverage – Personal Property HO-728 (08-97) at ¶ 3).]  Plaintiff alleges that she notified Defendant of the loss of the twelve plants, presenting a claim of $4,000 for each mature plant and $3,200 for each of the less mature plants, for a total of $45,600.  [Id. at ¶¶ 9-10.]  Defendant initially agreed to pay Plaintiff's claim and issued a payment to Plaintiff for the loss, but Plaintiff claimed that the amount was insufficient.  [Id. at ¶ 12(e).]

Plaintiff alleges that, on or about May 27, 2011, Defendant notified Plaintiff that it would not make any further payment for the loss because Plaintiff did not have an insurable interest in the plants, which could not be lawfully replaced. Plaintiff argues that Defendant could have inspected Plaintiff's property at any time during the Policy period, and Defendant had notice that Hawai`i law permits individuals such as Plaintiff to lawfully grow marijuana for medical purposes.  [Id. at ¶¶ 11-

_____

[1] The only exhibit attached to Defendant's separate and concise statement of facts in support of the Motion ("Defendant's CSOF"), [filed 10/20/11 (dkt. no. 14),] is the Complaint.  [Dkt. no. 14-2.]  Defendant contends that there are no genuine issues of fact for trial.  For the purposes of the instant Motion, Defendant assumes, but does not admit, that the factual allegations of the Complaint are true.  [Def.'s CSOF at 1-2.]

12(c).] Plaintiff alleges that the Policy specifically allows for coverage of irreplaceable "plants", without excluding any particular type of plant, with payment in the form of actual cash value. She alleges that insurers regularly pay for such claims. [Id. at ¶¶ 12(d)-(e).]

Although not clearly enumerated in the Complaint, Plaintiff's claims appears to be as follows: breached the insurance contract; unreasonable/bad faith denial of her insurance claim; and a violation of Haw. Rev. Stat. Chap. 480. Plaintiff seeks: the fair and reasonable value of the stolen plants; contract and Chapter 480 damages; reasonable attorneys' fees and court costs; and interest. [Id. at pgs. 4-5.]

I.   **Motion for Summary Judgment**

In the instant Motion, Defendant argues that it is entitled to judgment as a matter of law because Plaintiff lacks an insurable interest in the marijuana plants under State and Federal law, and therefore Defendant is not obligated to provide coverage under the Policy.

First, in order to have an insurable interest, the insured's interest in the property must be "lawful" property under Hawai`i Revised Statutes § 431:10E-101. Second, Hawai`i law generally prohibits the enforcement of illegal contracts, and Plaintiff cannot insure her marijuana plants unless her possession was legal. [Mem. in Supp. of Motion at 3 (citing Haw.

Rev. Stat. § 1-5).] Third, Defendant argues that Hawaii's medical marijuana law, Haw. Rev. Stat. § 329-125, does not create an insurable interest because it merely "provides an affirmative defense to marijuana-related state law crimes for the medical use of marijuana." [Id. at 4 (emphasis omitted).] Defendant argues that there is no affirmative defense for the promotion, purchase, or sale of marijuana, even for medical use, and therefore Plaintiff cannot legally use the insurance proceeds to purchase replacement marijuana plants. Further, Haw. Rev. Stat. § 329-124 expressly disclaims insurance coverage for medical marijuana. [Id. at 4-5.]

Defendant points out that the statutory law in force and effect at the time an insurance policy is issued becomes part of the insurance contract, as though it were expressly written into the contract. Further, courts should not interpret insurance contracts to provide coverage when coverage would be against public policy, such as when an insured's activities relate to an illegal controlled substance. [Id. at 5-6.]

Defendant contends that requiring insurance coverage for marijuana plants would be against federal public policy because coverage presupposes that the insured will purchase, sell, and/or distribute marijuana plants with insurance proceeds. Defendant emphasizes that in Gonzales v. Raich, 545 U.S. 2195 (2005), the United States Supreme Court held that distributing,

5

possessing, and using marijuana, even for medical purposes, are illegal under federal law with the sole exception of federally-approved research.  [Id. at 10.]  Defendant acknowledges that "[w]hile the Gonzales Court did not specifically hold that federal prohibitions on marijuana preempts contrary state medical marijuana laws, a growing number of other courts have applied Gonzales and/or the Supremacy Clause, and have so held."  [Id. at 12.]  Defendant argues that Hawaii's medical marijuana laws do not purport to legalize medical use and do not require insurance coverage for medical use.  Even if Hawai`i law required insurance coverage for medical marijuana use, such coverage would conflict with, and therefore be preempted by, federal law prohibiting such use.  [Id. at 15.]

        Defendant argues that, at a minimum, it is entitled to summary judgment on Plaintiff's extra-contractual claims for unreasonableness/bad faith and Plaintiff's Chapter 480 claim. Defendant argues that Plaintiff did not produce any evidence of Defendant's bad faith, and Plaintiff failed to meet her burden of showing that Defendant unreasonably denied her claim.  Defendant argues that, where an insurance company denies a claim based on a correct interpretation of the law, there can be no unreasonable denial of insurance coverage.  Even if there is a dispute over the validity of Plaintiff's claim, the dispute demonstrates that Defendant reasonably disagreed with Plaintiff's claim based on an

unresolved legal issue.  [Id. at 15-17.]

Defendant further argues that Haw. Rev. Stat. Chapter
431, Article 13 preempts Haw. Rev. Stat. Chapter 480 in the area
of insurance.  Defendant contends that Chapter 480 does not apply
because an insurance beneficiary is not a "consumer", and an
insurance policy does not involve "goods" or "services".  [Id. at
17-18.]  Defendant emphasizes that Haw. Rev. Stat. § 480-11(b)
expressly exempts insurance companies from the scope of Chapter
480.  Defendant also argues that Chapter 480 should not apply to
the insurance claims in this case because of Haw. Rev. Stat.
§ 329-124, which states that Hawaii's medical marijuana laws do
not require insurance coverage for the medical use of marijuana.
[Id. at 20-21.]

Even if Chapter 480 applies, Defendant argues that
there is no evidence to support Plaintiff's claim that the denial
of her insurance claim constituted a violation of Chapter 480.
At a minimum, the denial was supported by a reasonable legal
argument.  There is nothing to support Plaintiff's conclusory
allegation that Defendant violated Chapter 480, and Defendant
contends that it is entitled to summary judgment on Plaintiff's
Chapter 480 claim.  [Id. at 21-23.]

Defendant also argues that it is entitled to summary
judgment on the issue of Plaintiff's entitlement to punitive
damages.  Under Hawai`i law, the issue of punitive damages cannot

7

be submitted to the jury based upon evidence of merely a possible breach of contract or mere inadvertence, mistake, or errors of judgment.  Defendant emphasizes that Hawai`i law requires more than just the commission of a tort; clear and convincing evidence of wanton, oppressive, malicious, or wilful conduct is required. Defendant contends that, because it had at least a reasonable legal basis to deny Plaintiff's claim, Plaintiff cannot establish any conduct that would warrant punitive damages.  [Id. at 23-26.]

## III. **Plaintiff's Memorandum in Opposition**

In her Memorandum in Opposition, Plaintiff states that the facts of this case are essentially uncontested.  She emphasizes that the Policy expressly covers losses to "'Trees, Shrubs and Other Plants'" caused by, *inter alia*, theft.  [Mem. in Opp. at 1-2 (quoting Policy at 3-4).]

Plaintiff argues that Defendant is a sophisticated and experienced insurance company that likely provided similar services in Hawai`i for many years prior to the events at issue in this case.  Plaintiff contends that the Policy, which Defendant prepared, specifically contemplated the coverage of marijuana plants, and Defendant was aware of both the federal law and Hawai`i law relevant to this issue when it issued the Policy. [Id. at 2-3.]  Plaintiff states that paragraph J on page 13 of the Policy excludes coverage for losses involving illegal narcotics, including cocaine, LSD, and marijuana, but the Policy

expressly states that the exclusion "'does not apply to the legitimate use of prescription drugs by a person following the orders of a licensed physician.'" [Id. at 3 (emphasis omitted).]

Plaintiff points out that Haw. Admin. R. § 23-202-13(b)(1) provides that an individual who qualifies for medical marijuana use may supply herself by growing the plant at her home address. Plaintiff argues that there is no basis for Defendant to deny coverage because Defendant was on notice that, by covering "trees, shrubs or plants", it was required to cover marijuana/cannabis plants where the insured was a licensed medical marijuana user. The contract terms are not ambiguous and must be interpreted according to their plain meaning. Further, Hawai`i courts honor the objectively reasonable expectations of the parties concerning insurance coverage, and the objectively reasonable expectations are construed from a layperson's perspective. Plaintiff emphasizes that Defendant initially acknowledged coverage and paid $8,801.90 on Plaintiff's claim in February 2011. Defendant only raised its objections after Plaintiff sought more money on May 27, 2011. [Id. at 3-4.]

Plaintiff argues that she had an insurable interest in the plants, as defined by § 431:10E-101, because she is permitted by Hawai`i law to have the plants for medical use. She contends that, by enacting Haw. Rev. Stat. § 329-127, which governs the return of marijuana an other paraphernalia after seizure, the

9

State Legislature acknowledged that a medical marijuana user has a substantive interest in the source of her medical marijuana. Where the government seizes the plants, they must be returned to the owner upon a showing that the owner was in compliance with the medical marijuana statute. Plaintiff emphasizes that courts widely hold that an "insurable interest" need not be a free and unencumbered interest. [Id. at 5.]

Plaintiff argues that Defendant's reliance on Haw. Rev. Stat. § 329-124 is misplaced because the statute only addresses medical insurance coverage for marijuana use. As to the bad faith claim, Plaintiff argues that her allegations are sufficient because a plaintiff can establish a bad faith claim by proving that the insurer unreasonably handled claims, denied claims, or interpreted its policies. Plaintiff contends that this issue is fact specific and is not appropriate for summary judgment. [Id. at 6-7.]

## IV.  **Defendant's Reply**

In its Reply, Defendant emphasizes that Plaintiff does not contest that an insured must have an "insurable interest" in property to insure it, or that marijuana, even when used for medical purposes, is a Scheduled I controlled substance under 21 U.S.C. §§ 841(a) and 812(c). Plaintiff has not cited any authority for the proposition that medical marijuana is legally insurable, nor has she responded to Defendant's argument that a

contract insuring marijuana would be inconsistent with public policy under federal law. Defendant also reiterates that § 329-125 merely provides an affirmative defense for the use of medical marijuana; neither it nor any other statute provides a similar defense for the promotion, purchase, or sale of marijuana. Thus, medical marijuana plants cannot be insured because purchasing replacement plants with insurance proceeds would be illegal. Defendant also points out that nothing in § 329-124 limits the provision to health insurance. Thus, pursuant to § 329-124, Defendant is not required under Hawai`i law to provide insurance for medical marijuana. [Reply at 3-5.]

Defendant argues that the general view precludes insurance coverage of a controlled substance or an insured's activities relating to that substance. Plaintiff has not cited any contrary law. Thus, even if medical marijuana was insurable under Hawai`i law, such insurance would be contrary to federal law, which would preempt Hawai`i law. [Id. at 5-7.]

Defendant also argues that Plaintiff's reliance on exclusion 1(j) on page 13 of the Policy is misplaced because exclusions cannot create coverage which did not already exist under the terms of a policy and the applicable law. Further, exclusion 1(j) does not directly apply in this case because it addresses personal liability, not payments for the insured's medical coverage. Even if the exclusion did apply, it expressly

precludes coverage for marijuana. [Id. at 7 n.3.]

Defendant reiterates that Plaintiff has not presented any evidence of unreasonableness or bad faith, particularly because she has not presented any affidavits or declarations setting forth specific facts. Thus, there is no genuine issue of material fact for trial. Defendant also emphasizes that, pursuant to Fed. R. Evid. 408, evidence of its prior settlement payment for her insurance claim is not admissible as evidence of Defendant's alleged obligation to provide coverage. Similarly, Defendant argues that Plaintiff has not presented any evidence showing a genuine issue of material fact regarding either her Chapter 480 claim or her allegation that she is entitled to punitive damages. [Id. at 8-11.]

IV. **Supplemental Briefing**

At the hearing on the Motion, this Court raised the issue whether the twelve plants that were the subject of Plaintiff's insurance claim exceeded an "adequate supply" of marijuana and rendered her ineligible to lawfully use marijuana for medical purpose. See Haw. Rev. Stat. §§ 329-122(a), 329-121; State v. Vincent, No. 27357, 2009 WL 120308, at *1 (Hawai`i Ct. App. Jan. 20, 2009). The Court permitted the parties to file supplemental briefing on this issue.

Plaintiff's Supplemental Declaration states that she resides with her significant other, Greg J. Rodenbaugh, who is

the caretaker for Alicia Ell.  Plaintiff, Mr. Rodenbaugh, and
Ms. Ell all have medical marijuana licenses from the State, and
all three licenses give Plaintiff's address as the location of
the marijuana.  [Pltf.'s Suppl. Decl. at ¶¶ 1-2, Exh. B.]
Plaintiff therefore argues that she was legally authorized to
have the nine mature marijuana plants and the three immature
plants which were the subject of her insurance claim at her
residence.  Further, she emphasizes that Section I - Property
Coverages, Coverage C - Personal Property insures personal
property owned by others when the personal property is in the
insured's residential premises.  [Id. at ¶¶ 2-3.]

        In its Supplemental Reply, Defendant argues that
Plaintiff made binding admissions in the Complaint that she
possessed all twelve plants which were the subject of her claim.
Defendant also challenges Plaintiff's Supplemental Declaration
because Plaintiff does not have personal knowledge about the
marijuana possession of non-parties; she only has personal
knowledge of her own marijuana certificate and use.  Even if the
Court considers Plaintiff's Supplemental Declaration, it does not
establish that Plaintiff complied with the strict limitations on
joint possession of an adequate supply of marijuana pursuant to
Haw. Rev. Stat. § 329-125.  [Id. at 2-3, 8.]

## DISCUSSION

        At the outset, the Court notes that federal

13

jurisdiction in this case is based on diversity. [Notice of

Removal at ¶ 3.] This district court has recognized that:

> Federal courts sitting in diversity apply
> state substantive law and federal procedural law.
> See <u>Mason & Dixon Intermodal, Inc. v. Lapmaster
> Int'l LLC</u>, 632 F.3d 1056, 1060 (9th Cir. 2011)
> ("When a district court sits in diversity, or
> hears state law claims based on supplemental
> jurisdiction, the court applies state substantive
> law to the state law claims."); <u>Zamani v. Carnes</u>,
> 491 F.3d 990, 995 (9th Cir. 2007) ("Federal courts
> sitting in diversity jurisdiction apply state
> substantive law and federal procedural law."
> (quotations omitted)). When interpreting state
> law, a federal court is bound by the decisions of
> a state's highest court. <u>Trishan Air, Inc. v.
> Fed. Ins. Co.</u>, 635 F.3d 422, 427 (9th Cir. 2011).
> In the absence of a governing state decision, a
> federal court attempts to predict how the highest
> state court would decide the issue, using
> intermediate appellate court decisions, decisions
> from other jurisdictions, statutes, treatises, and
> restatements as guidance. <u>Id.</u>; <u>see also
> Burlington Ins. Co. v. Oceanic Design & Constr.,
> Inc.</u>, 383 F.3d 940, 944 (9th Cir. 2004) ("To the
> extent this case raises issues of first
> impression, our court, sitting in diversity, must
> use its best judgment to predict how the Hawaii
> Supreme Court would decide the issue." (quotation
> and brackets omitted)).

<u>U.S. Fire Ins. Co. v. Estate of James Campbell</u>, Civil No. 11-

00006 LEK-KSC, 2011 WL 6934566, at *3 (D. Hawai`i Dec. 30, 2011)

(citation omitted).

Before the Court can address the substantive issues in

this matter, it must address the procedural issue of whether

Plaintiff's submission of the Policy is properly before the

Court.

14

I.    **The Policy**

Plaintiff submitted a copy of the Policy with her memorandum in opposition.  [Dkt. no. 24-1.]  The Court notes that Plaintiff failed to file a concise statement of facts, as required by Local Rule 56.1(b), and that the memorandum in opposition does not include a declaration authenticating the Policy.  Although the Court does not condone the failure to follow court rules, insofar as Defendant has not contested the accuracy of Plaintiff's exhibit, the Court will exercise its discretion and consider the document.  <u>See</u> Fed. R. Evid. 901(b)(4) (evidence may be authenticated by examining its "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances.").

The Policy states, in pertinent part:

3.    Trees, Shrubs and Other Plants.  We cover trees, shrubs, plants or lawns, on the residence premises, for loss caused by the following Perils Insured Against: . . . Vandalism or malicious mischief or Theft.

We will pay up to 5% of the limit of liability that applies to the dwelling for all trees, shrubs, plants or lawns.  No more than $500 of this limit will be available for any one tree, shrub or plant.  We do not cover property grown for business purposes.

This coverage is additional insurance.

[Policy, Agreement (Homeowners 3R Special Form (04-93) HO-93 Program), Section I - Property Coverages, Additional Coverages,

at 4 of 17 (emphases omitted).]

Plaintiff also cites the following exclusion as
evidence that the Policy's coverage encompasses medical marijuana
plants:

> 1. Coverage E - Personal Liability and Coverage
>    F - Medical Payments to Others do not apply
>    to bodily injury or property damage:
>    . . . .
>    j. arising out of the use, sale,
>       manufacture, delivery, transfer or
>       possession by any person of a controlled
>       substance(s).  Controlled substances
>       include but are not limited to cocaine,
>       LSD, marijuana and all narcotic drugs.
>       However, this exclusion does not apply
>       to the legitimate use of prescription
>       drugs by a person following the orders
>       of a licensed physician.

[Id., Section II - Exclusions, at 12 of 17 to 13 of 17 (emphases
omitted).]

## II. __Hawaii's Medical Marijuana Laws__

The State Legislature enacted Hawaii's medical-use-of-
marijuana laws in 2000.  2000 Haw. Sess. Laws Act 228 at 595-96.
Haw. Rev. Stat. § 329-125(a) states: "A qualifying patient or the
primary caregiver may assert the medical use of marijuana as an
affirmative defense to any prosecution involving marijuana under
this [part] or chapter 712; provided that the qualifying patient
or the primary caregiver **strictly complied with the requirements
of this part**."  (Alteration in original) (emphasis added).  Some
of the requirements that a qualifying patient must comply with

are set forth in Haw. Rev. Stat. § 329-122(a), which states:

> Notwithstanding any law to the contrary, the
> medical use of marijuana by a qualifying patient
> shall be permitted only if:
>> (1) The qualifying patient has been diagnosed
>> by a physician as having a debilitating
>> medical condition;
>> (2) The qualifying patient's physician has
>> certified in writing that, in the physician's
>> professional opinion, the potential benefits
>> of the medical use of marijuana would likely
>> outweigh the health risks for the particular
>> qualifying patient; and
>> (3) **The amount of marijuana does not exceed
>> an adequate supply.**

(Emphasis added.)  Haw. Rev. Stat. § 329-121 states:

> "Adequate supply" means an amount of marijuana
> jointly possessed between the qualifying patient
> and the primary caregiver that is not more than is
> reasonably necessary to assure the uninterrupted
> availability of marijuana for the purpose of
> alleviating the symptoms or effects of a
> qualifying patient's debilitating medical
> condition; provided that an **"adequate supply"
> shall not exceed three mature marijuana plants,
> four immature marijuana plants, and one ounce of
> usable marijuana per each mature plant**.

(Emphasis added.)  The applicable administrative rule reiterates

the limits on the numbers of mature and immature marijuana

plants.  Haw. Admin. R. § 23-202-13(c).  The rule also provides

that an individual who exceeds an adequate supply is "not

exempted from the criminal laws of the State."  § 23-202-13(d).

### III. Plaintiff's Supply

At the hearing on the Motion, the Court *sua sponte*

raised the issue that Plaintiff's twelve marijuana plants,

17

including nine mature plants, exceeded an adequate supply. Plaintiff's failure to strictly comply with the statutes regarding an adequate supply would mean that she could not avail herself of the Hawai`i medical marijuana laws.  See Vincent, 2009 WL 120308, at *1 (noting that, unless the patient meets the requirements of § 329-122(a), "a qualifying patient is not permitted to use marijuana for medical purposes").  If Plaintiff's possession of the marijuana plants was not protected by the Hawai`i medical marijuana laws, it would be unnecessary for the Court to rule upon the arguments that the parties addressed in their memoranda because the Hawai`i state courts recognize the common law principle that a court may refuse to enforce a contract that is illegal or in violation of public policy.  See, e.g., Inlandboatmen's Union of the Pac., Hawai`i Region, Marine Div. of Int'l Longshoremen's & Warehousemen's Union v. Sause Bros., Inc., 77 Hawai`i 187, 194, 881 P.2d 1255, 1262 (Ct. App. 1994) (citations omitted).

In Plaintiff's Supplemental Declaration, Plaintiff states that both she and Mr. Rodenbaugh, who resides with her, have medical licenses to grow marijuana plants.  In addition, their friend, Ms. Ell has a medical marijuana license listing Mr. Rodenbaugh as Ms. Ell's caretaker.[2]  [Pltf.'s Suppl. Decl. at

_____

[2] Haw. Admin. R. § 23-202-13 states, in pertinent part:
        (a) A qualifying patient who possesses a
                                              (continued...)

18

¶ 2.]  Plaintiff submitted a copy of the three Patient

Identification Certificates from the State Medical Marijuana

Registry.  Each certificate identifies Plaintiff's residence as

the "Location of Marijuana".  [Id. at ¶ 1, Exh. B.]  Plaintiff

asserts that, based on the three certificates, there were

lawfully nine mature marijuana plants at her residence, and the

three immature plants were for Ms. Ell's supply.  [Id. at ¶ 2.]

Defendant objects to Plaintiff's submissions because they are

contrary to the admissions in the Complaint and because Plaintiff

does not have personal knowledge of Mr. Rodenbaugh's and

Ms. Ell's possession of marijuana plants.

First, the Court finds, for purposes of the instant

Motion only, that Plaintiff has sufficient personal knowledge

regarding Mr. Rodenbaugh's and Ms. Ell's marijuana plants because

---

[2](...continued)
     registry identification certificate issued
     pursuant to section 329-123, Hawaii Revised
     Statutes, may engage in and a registered primary
     caregiver of the patient may assist in, the
     medical use of marijuana only as justified to
     mitigate the symptoms or effects of the qualifying
     patient's debilitating medical condition.
          (b) The medical marijuana shall be grown only
     at the following locations:
          (1) The qualifying patient's home address; or
          (2) The primary caregiver's home address or
     other location owned or controlled by the
     qualifying patient or the primary caregiver that
     is approved by the administrator and designated on
     the registry certificate issued by the department.

§ 23-202-13(a), (b).

they are kept at Plaintiff's residence.  This Court will
therefore consider both the representations about those plants in
Plaintiff's Supplemental Declaration and Plaintiff's submission
of Mr. Rodenbaugh's and Ms. Ell's certificates from the State
Medical Marijuana Registry.[3]

The Complaint alleges that, in general, the Policy
constitutes Defendant's agreement that "in the event that
plaintiff suffered a loss to her personal property at her
residence, . . . the defendant would pay to plaintiff the
replacement costs of such loss."  [Complaint at ¶ 5.]
Specifically, the Complaint alleges: "[o]n or about July 30,
2010, plaintiff suffered an event where twelve (12) plants were
taken from her property . . . and that the taking constituted a
theft[;]" [id. at ¶ 7;] and "plaintiff lawfully possessed, grew,
nurtured and cultivated the plants consistent with the laws of
the State of Hawaii[;]" [id. at ¶ 12.b].  Defendant emphasizes
that the Complaint does not mention Mr. Rodenbaugh's and
Ms. Ell's ownership of some of the plants which were the subject
of Plaintiff's insurance claim.  Plaintiff argues that the
allegations of the Complaint do not constitute an admission that
she owned all twelve plants because the Policy covers "'personal
property owned by: 1. others while the property is on the part of

_____

[3] This Court also considers Plaintiff's representations
about her own marijuana plants and her certificate, about which
she clearly has personal knowledge.

the residential premises occupied by an insured.'" [Pltf.'s Suppl. Decl. at ¶ 3 (quoting the Policy, Section 1 – Property Coverages, Coverage C).] Without ruling on the issue whether Section 1 – Property Coverages, Coverage C applies, this Court FINDS that there are genuine issues of material fact as to whom the marijuana plants stolen from Plaintiff's residence were legally attributable. Thus, this Court cannot conclude as a matter of law that Plaintiff's possession of marijuana plants excluded her from the Hawai`i medical marijuana laws. See Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The Court now turns to the issues addressed in the parties' memoranda.

## IV. **Insurable Interest**

Defendant first argues that Plaintiff does not have an insurable interest in the marijuana plants. Haw. Rev. Stat. § 431:10E-101 states:

> No contract of insurance on property or of any interest therein or arising therefrom shall be enforceable except for the benefit of persons having an insurable interest in the property insured. Insurable interest means any lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage.

Defendant does not dispute that Plaintiff had a substantial economic interest in the plants. The dispute in this case

21

centers around whether Plaintiff's interest in the plants was lawful.  Defendant emphasizes that Haw. Rev. Stat. § 329-125 "does not legalize the medical use of marijuana, but provides an affirmative defense to marijuana-related state law crimes for the medical use of marijuana." [Mem. in Supp. of Motion at 4 (emphasis omitted).]  Further, Defendant argues that Haw. Rev. Stat. § 329-124 "expressly disclaims any legislative intent to require insurance coverage for marijuana, even for medical purposes[.]" [Id. at 5.]

There is no Hawai`i Supreme Court case law analyzing the Hawai`i medical marijuana laws.  The Intermediate Court of Appeals ("ICA") has stated that § 329-125 "provides an affirmative defense to marijuana-related crimes." State v. Manzano-Hill, No. 29063, 2010 WL 359901, at *1 (Hawai`i Ct. App. Jan. 27, 2010).  The ICA, however, has cited § 329-122(a) for "an entitlement to the medical use of marijuana[.]" State v. Blagus, No. 30016, 2010 WL 3759788, at *2 (Hawai`i Ct. App. Sept. 27, 2010).  It has also stated that "unless the foregoing requirements [of § 329-122(a)] are met, a qualifying patient is not permitted to use marijuana for medical purposes." Vincent, 2009 WL 120308, at *1.  It follows from the ICA's analysis that, if a qualifying patient meets the requirements of § 329-122(a),

and all other applicable provisions of Chapter 329, Part IX,[4] the
patient is permitted to use marijuana for medical purposes.

In addition, the Court notes that, in enacting Chapter
329, Part IX, the Hawai`i State Legislature stated:

> The legislature finds that modern medical
> research has discovered a beneficial use for
> marijuana in treating or alleviating the pain or
> other symptoms associated with certain
> debilitating illnesses.  There is sufficient
> medical and anecdotal evidence to support the
> proposition that these diseases and conditions may
> respond favorably to a medically controlled use of
> marijuana.
>
> The legislature is aware of the legal
> problems associated with the legal acquisition of
> marijuana for medical use.  However, the
> legislature believes that medical scientific
> evidence on the medicinal benefits of marijuana
> should be recognized.  Although federal law
> expressly prohibits the use of marijuana, the
> legislature recognizes that a number of states are
> taking the initiative in legalizing the use of
> marijuana for medical purposes.  Voter initiatives
> permitting the medical use of marijuana have
> passed in California, Arizona, Oregon, Washington,
> Alaska, Maine, Nevada, and the District of
> Columbia.
>
> The legislature intends to join in this
> initiative for the health and welfare of its
> citizens.  However, the legislature does not
> intend to legalize marijuana for other than
> medical purposes.  The passage of this Act and the
> policy underlying it does not in any way diminish
> the legislature's strong public policy and laws
> against illegal drug use.
>
> Therefore, the purpose of this Act is to
> ensure that seriously ill people are not penalized

---

[4] Chapter 329, Part IX includes Haw Rev. Stat. § 329-121 to
§ 329-128.

by the State for the use of marijuana for strictly
medical purposes when the patient's treating
physician provides a professional opinion that the
benefits of medical use of marijuana would likely
outweigh the health risks for the qualifying
patient.

2000 Haw. Sess. Laws Act 228, § 1 at 595-96.

Defendant emphasizes that the Legislature expressly
disclaimed any requirement that insurers provide coverage for the
medical use of marijuana.  Haw. Rev. Stat. § 329-124 states:
"This part shall not be construed to require insurance coverage
for the medical use of marijuana."  Plaintiff responds that
§ 329-124 "seems more likely to relate to health insurance
coverage, wherein health insurers would not have to reimburse
medical marijuana users . . . ."  [Mem. in Opp. at 6.]
Plaintiff, however, cites no authority for her interpretation of
§ 329-124.  The plain language of the statute does not support
such a limited interpretation, and there is nothing in the
legislative history that suggests the Legislature intended to
limit § 329-124 to medical insurance.  Cf. Steigman v. Outrigger
Enters., Inc., 126 Hawai`i 133, 148-49, 267 P.3d 1238, 1253-54
(2011) ("Although the statutory language of HRS § 663-31 is plain
and unambiguous, we may resort to the legislative history to
confirm this interpretation of the statute." (citing E & J Lounge
Operating Co. v. Liquor Comm'n of City & County of Honolulu, 118
Hawai`i 320, 335, 189 P.3d 432, 447 (2008) ("Legislative history
may be used to confirm interpretation of a statute's plain

24

language."); State v. Entrekin, 98 Hawai`i 221, 228, 47 P.3d 336, 343 (2002) ("Although we ground our holding in the statute's plain language, we nonetheless note that its legislative history confirms our view."))). Even assuming, *arguendo*, that § 329-124 applies to all forms of insurance, that interpretation does not compel summary judgment for Defendant. Section 329-124 merely states that the State does not **require** insurers to provide coverage for medical marijuana usage; it does not **preclude** insurers from agreeing to provide coverage for medical marijuana usage.

Thus, the Court predicts that the Hawai`i Supreme Court would hold that a qualifying patient who is in strict compliance with the Hawai`i medical marijuana laws has a lawful interest in her marijuana supply for purposes of Haw. Rev. Stat. § 431:10E-101. This Court therefore CONCLUDES that Plaintiff had a insurable interest in her marijuana plants which were the subject of her insurance claim.

## V.    **Marijuana and Federal Law**

Defendant next argues that, even if Plaintiff has an insurable interest in her marijuana plants under Hawai`i law, Defendant is precluded from providing coverage for the plants because it would be contrary to federal law and federal public policy.

As noted, *supra*, under Hawai`i law, a court may refuse

25

to enforce a contract that is illegal or in violation of public
policy. <u>Inlandboatmen's Union</u>, 77 Hawai`i at 194, 881 P.2d at
1262 (some citations omitted) (citing <u>Aiea Lani Corp. v. Hawaii</u>
<u>Escrow & Title Inc.</u>, 64 Haw. 638, 647 P.2d 257 (1982) (contract
for "kickbacks" which was illegal is not enforceable); <u>Wilson v.</u>
<u>Kealakekua Ranch</u>, 57 Haw. 124, 551 P.2d 525 (1976) (a contract
will be unenforceable if the violation of public policy was
intended to protect the public from fraud and incompetence, but
not if the public policy was only *malum prohibitum* or to raise
revenue); <u>Miehlstein v. King Market Co.</u>, 24 Haw. 540 (1918) (a
contract involving a city official performing work he is
prohibited from performing by law violates public policy and is
unenforceable); <u>Goo Wan Hoy v. McKeague</u>, 24 Haw. 263 (1918)
(promissory note was void because consideration for the note was
intoxicating liquors sold without a liquor license which was
prohibited by criminal law); <u>Cosmopolitan Fin. Corp. v. Runnels</u>,
2 Haw. App. 33, 625 P.2d 390 (1981) (the law will not be used to
enforce any part of an illegal bargain)); <u>see also</u> Haw. Rev.
Stat. § 1-5.

Defendant's position is that, even if a layperson would
have reasonably expected that Plaintiff's Policy included
coverage for the loss of medical marijuana plants,[5] this Court

---

[5] The Hawai`i Supreme Court has stated:

(continued...)

should not enforce that interpretation of the Policy[6] because it would be contrary to federal public policy. Defendant argues that <u>Gonzales v. Raich</u>, 545 U.S. 1 (2005), held that the federal Controlled Substances Act ("CSA"), 21 U.S.C. § 801 *et seq.*, prevails over any state law permitting the medical use of

---

[5](...continued)
adherence to the plain language and literal meaning of insurance contract provisions is not without limitation. We have acknowledged that because insurance policies are contracts of adhesion and are premised on standard forms prepared by the insurer's attorneys, we have long subscribed to the principle that they must be construed liberally in favor of the insured and any ambiguities must be resolved against the insurer. Put another way, the rule is that policies are to be construed in accord with the reasonable expectations of a layperson.

<u>Guajardo v. AIG Hawai`i Ins. Co.</u>, 118 Hawai`i 196, 202, 187 P.3d 580, 586 (2008) (quoting <u>Dairy Rd. Partners v. Island Ins. Co.</u>, 92 Hawai`i 398, 411–12, 992 P.2d 93, 106–07 (2000)). The Hawai`i Supreme Court has also stated: "[t]he objectively reasonable expectations of [policyholders] and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations. These 'reasonable expectations' are derived from the insurance policy itself . . . . ." <u>Del Monte Fresh Produce (Hawaii), Inc. v. Fireman's Fund Ins. Co.</u>, 117 Hawai`i 357, 368, 183 P.3d 734, 745 (2007) (citations and some quotation marks omitted) (some alterations in original).

[6] There is no allegation that the alleged illegality of any provision of the Policy which arguably provides coverage for the medical marijuana plants rendered the Policy as a whole unenforceable. Under Hawai`i law, where part of a contract is illegal and the remainder is legal, a court should sever the illegal provision and enforce the legal portion of the contract, provided that the illegal provision "is not central to the parties' agreement." <u>Courbat v. Dahana Ranch, Inc.</u>, 111 Hawai`i 254, 263 n.11, 141 P.3d 427, 436 n.11 (2006) (citation and quotation marks omitted).

marijuana.  In <u>Gonzales</u>, the respondents were California

residents who used marijuana for medical purposes under

California's Compassionate Use Act and pursuant to the

recommendation of their licensed, board-certified, family

practitioners.  The respondents sued the Attorney General of the

United States and the head of the Drug Enforcement

Administration, seeking injunctive and declaratory relief

prohibiting the enforcement of the CSA to the extent that it

prevented them from possessing, obtaining, or manufacturing

marijuana for their personal medical use.  <u>Id.</u> at 6-7.  The

Supreme Court vacated the Ninth Circuit's opinion reversing the

denial of a preliminary injunction and ordering the district

court to enter the injunction.  <u>Id.</u> at 8, 33.  The Supreme Court

held that the intrastate, non-commercial cultivation, possession,

and use of marijuana was still subject to the CSA.  <u>Id.</u> at 32-33.

In so holding, the Supreme Court stated that:

> The CSA designates marijuana as contraband for *any*
> purpose; in fact, by characterizing marijuana as a
> Schedule I drug, Congress expressly found that the
> drug has no acceptable medical uses.  Moreover,
> the CSA is a comprehensive regulatory regime
> specifically designed to regulate which controlled
> substances can be utilized for medicinal purposes,
> and in what manner . . . .  Thus, even if
> respondents are correct that marijuana does have
> accepted medical uses and thus should be
> redesignated as a lesser schedule drug, the CSA
> would still impose controls beyond what is
> required by California law. . . .  [T]he mere fact
> that marijuana-like virtually every other
> controlled substance regulated by the CSA-is used
> for medicinal purposes cannot possibly serve to

distinguish it from the core activities regulated
by the CSA.

. . . .

. . . [L]imiting the activity to marijuana
possession and cultivation "in accordance with
state law" cannot serve to place respondents'
activities beyond congressional reach.   The
Supremacy Clause unambiguously provides that if
there is any conflict between federal and state
law, federal law shall prevail. . . .

Id. at 27-29 (emphasis in original).

Other federal courts have repeatedly recognized that

Gonzales establishes that the possession and cultivation of

marijuana for medical use is illegal under federal law, even when

it is permitted under state law.  For example, in United States

v. Stacy, the United States District Court for the Southern

District of California stated:

Under California's Compassionate Use Act
(Cal. Health & Safety Code § 11362.5), a patient
who possesses or cultivates marijuana for the
personal medical purposes of the patient upon the
written or oral recommendation or approval of a
physician, cannot be prosecuted under Cal. Health
& Safety Code § 11357, relating to the possession
of marijuana, or Cal. Health & Safety Code §
11358, relating to the cultivation of marijuana.
However, **California law does not purport to render
the use of medical marijuana lawful under federal
law.  In fact, the use of medical marijuana
remains unlawful under federal law.**  See Gonzales
v. Raich, 545 U.S. 1, 27, 125 S. Ct. 2195, 162 L.
Ed. 2d 1 (2005) (explaining that even if marijuana
is used "for personal medical purposes on the
advice of a physician," it is still considered
contraband under the CSA, which designates
marijuana as contraband "for any purpose"); United
States v. Katz, 2010 WL 183863, *1 (9th Cir. Jan.
19, 2010) (vacating pretrial detention order,

> which modified defendant's bond order to permit
> defendant to use and possess marijuana for medical
> purposes in compliance with California law,
> because it is illegal to possess marijuana under
> federal law); <u>United States v. Scarmazzo</u>, 554 F.
> Supp. 2d 1102, 1105 (E.D. Cal. 2008) ("The use of
> medical marijuana remains unlawful.").

No. 09cr3695 BTM, 2010 WL 4117276, at *5 (S.D. Cal. Oct. 18,

2010) (some emphases added).

In <u>United States v. Hicks</u>, the United States District

Court for the Eastern District of Michigan stated:

> **It is indisputable that state
> medical-marijuana laws do not, and cannot,
> supercede federal laws that criminalize the
> possession of marijuana.** <u>See</u> <u>Gonzales</u>, 545 U.S.
> at 29, 125 S. Ct. 2195 ("The Supremacy Clause
> unambiguously provides that if there is any
> conflict between federal and state law, federal
> law shall prevail."); <u>United States v. $186,416.00
> in U.S. Currency</u>, 590 F.3d 942, 945 (9th Cir.
> 2010) ("The federal government has not recognized
> a legitimate medical use for marijuana, however,
> and there is no exception for medical marijuana
> distribution or possession under the federal
> Controlled Substances Act[.]"); <u>United States v.
> Landa</u>, 281 F. Supp. 2d 1139, 1145 (N.D. Cal. 2003)
> ("[O]ur Congress has flatly outlawed marijuana in
> this country, nationwide, including for medicinal
> purposes.").

722 F. Supp. 2d 829, 833 (E.D. Mich. 2010) (alterations in <u>Hicks</u>)

(some citations omitted) (emphasis added).  Further, when it

enacted Hawaii's medical marijuana laws, the State Legislature

expressly recognized that the use of marijuana was prohibited

under federal law.  2000 Haw. Sess. Laws Act 228, § 1 at 595.

The rule under Hawai`i law that courts may decline to

enforce a contract that is illegal or contrary to public policy

applies where the enforcement of the contract would violate federal law. The employer in <u>Inlandboatmen's Union</u> argued that the court should decline to enforce one aspect of the arbitrator's interpretation of the collective bargaining agreement because its implementation would cause the employer to violate 46 U.S.C. § 8104 (1988).[7] 77 Hawai`i at 190-91, 881 P.2d at 1258-59. The Hawai`i Supreme Court, however, ultimately held that the employer had not established that the arbitrator's finding conflicted with § 8104. <u>Id.</u> at 196, 881 P.2d at 1264.

Insofar as Defendant seeks summary judgment, this Court must view the evidence in the light most favorable to Plaintiff. <u>See</u> <u>Miller v. Glenn Miller Prods., Inc.</u>, 454 F.3d 975, 988 (9th Cir. 2006) (noting that, on a summary judgment motion, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor" (citations, quotation marks, and brackets omitted)). The Court therefore assumes, for purposes of the instant Motion, that the "Trees, Shrubs and Other Plants" provision of the Policy covered the loss of Plaintiff's medical marijuana plants. Even in light of that assumption, this Court cannot enforce the provision because Plaintiff's possession and cultivation of marijuana, even for

---

[7] The Hawai`i Supreme Court in <u>Inlandboatsmen's Union</u> noted the recognition of the general rule regarding the enforcement of illegal contracts in connection with the limited public policy exception to the deference typically given to arbitration awards. 77 Hawai`i at 193-94, 881 P.2d at 1261-62.

State-authorized medical use, clearly violates federal law.  To require Defendant to pay insurance proceeds for the replacement of medical marijuana plants would be contrary to federal law and public policy, as reflected in the CSA, <u>Gonzales</u>, and its progeny.  The Court therefore CONCLUDES that, as a matter of law, Defendant's refusal to pay for Plaintiff's claim for the loss of her medical marijuana plants did not constitute a breach the parties' insurance contract.  The Court GRANTS Defendant's Motion as to Plaintiff's breach of contract claim.

## VI.  <u>Plaintiff's Remaining Claims</u>

Insofar as this Court has concluded that it cannot enforce the provision of the Policy which purportedly covers the loss of medical marijuana plants, this Court also CONCLUDES that, as a matter of law, Defendant's denial of Plaintiff's claim did not constitute either a violation of Haw. Rev. Stat. Chapter 480 or the tort of unreasonableness/bad faith.  The Court therefore GRANTS Defendant's Motion as to Plaintiff's Chapter 480 claim and Plaintiff's unreasonableness/bad faith claim.

<u>CONCLUSION</u>

On the basis of the foregoing, Defendant's Motion for Summary Judgment, filed October 20, 2011, is HEREBY GRANTED.  The Court directs the Clerk's Office to enter judgment in favor Defendant and to close the case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 16, 2012.



_/S/ Leslie E. Kobayashi_
Leslie E. Kobayashi
United States District Judge

BARBARA TRACY V. USAA CASUALTY INSURANCE COMPANY; CIVIL NO. 11-00487 LEK-KSC; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT